UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANDRE T. WARE,                          )
                                        )
            Plaintiff,                  )
                                        )
    vs.                                 )        Case No. 4:24-CV-00466 PLC
                                        )
KEEFE COMMISSARY,                       )
                                        )
            Defendant.                  )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Andre Ware, an inmate at St. Louis County Justice Center, for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 3]. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.40. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action as legally frivolous and for failure to state a claim upon which relief may be granted.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. [ECF No. 4]. A review of plaintiff's account from the relevant period indicates an average monthly deposit of $22.03. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.40.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Andre Ware, a pretrial detainee incarcerated at St. Louis County Justice Center, filed the instant action against defendant Keefe Commissary in its official capacity. [ECF No. 1]. Plaintiff complains that Keefe Commissary overcharged him for goods he purchased at St. Louis County Justice Center in the year 2024. Additionally, he asserts that at times he did not receive all items in his commissary order; however, he was not reimbursed for the charges.

For relief, plaintiff asks the Court to award him $250,000 or a "reasonable offer."

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims.

Plaintiff sues Keefe Commissary, a corporation that contracts with the State of Missouri to provide commissary goods to inmates at the St. Louis County Justice Center. "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*,

499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

"Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the…official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face…a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

To establish an unconstitutional custom, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the…entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the…entity's policymaking officials after notice to the officials of that misconduct; and

4

      3) That plaintiff was injured by acts pursuant to the…entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Here, plaintiff's facts do not point to the existence of any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by a governing body" as being at issue in this case. *See Angarita v. St. Louis Cty.,* 981 F.2d 1537, 1546 (8th Cir. 1992). He does not claim that a specific staff member who was employed by Keefe Commissary made a decision or initiated an official action to deprive him of his property. *See Corwin v. City of Independence, Mo.,* 829 F.3d 695, 700 (8th Cir. 2016). Plaintiff also has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by Keefe Commissary. *See Johnson v. Douglas Cty. Med. Dep't,* 725 F.3d 825, 828 (8th Cir. 2013). For these reasons, plaintiff has failed to properly allege an unconstitutional custom or policy by Keefe Commissary caused his purported damages.

Additionally, to the extent plaintiff attempts to bring a § 1983 claim against defendant for overcharging commissary items, such an attempt fails. To state a claim under 42 U.S.C. § 1983, plaintiff must allege, *inter alia*, the violation of a federally protected right. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not have a federally protected right to commissary privileges or specific commissary pricing.[1] If a jail voluntarily sets up a commissary or provides for

---

[1]*See Poole v. Stubblefield*, 2005 WL 2290450, at *2 (E.D. Mo. Sept. 20, 2005); *see also Bright v. Thompson*, 2011 WL 2215011, at *4 (W.D. Ky. June 6, 2011) (inmate has no federal constitutional right to purchase items from a commissary at a certain price and without tax); *Vega v. Rell*, 2011 WL 2471295, at *25 (D. Conn. June 21, 2011) (inmates have no constitutional right to purchase items from a prison commissary, and the Court can discern no federal law that is violated by requiring inmates to pay state sales tax on their purchases); *Boyd v. Lasher*, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010) (inmate's claims of being overcharged for commissary purchases and taxed without representation fail to state a claim of violation of constitutional rights cognizable under § 1983); *Verrette v. Randolph*, 2009 WL

5

commissary services, there is no federal requirement that the commissary items be sold at or near the price that a member of the public would pay for the same item or be sold without an applied sales tax.

Finally, to the extent plaintiff believes he has been unconstitutionally deprived of property by Keefe Commissary, such a claim fails to set forth a constitutional violation because plaintiff has not demonstrated that there is no meaningful post-deprivation remedy. *See Clark v. Kansas City Missouri Sch. Dist.,* 375 F.3d 698, 702 (8th Cir. 2004) ("When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"). Missouri provides such an adequate post-deprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990). Specifically, an individual claiming the right to possession of personal property may bring an action in replevin. Mo. R. Civ. P. 99.01. *See also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) (stating that plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish any violation of his constitutional rights because he could obtain adequate relief by

---

103715, at *9 (E.D. La. Jan. 14, 2009) (collection of state taxes on prison commissary purchases does not violate plaintiff's constitutional rights); *Tolbert v. City of Montgomery*, 2008 WL 819067, at *1 (M.D. Ala. Mar. 25, 2008) (inmates have no constitutionally-protected interest in purchasing goods available through the prison commissary, let alone a protected interest in not paying the tax associated with making purchases; such a claim is "patently absurd"); *McCall v. Keefe Supply Co.*, 71 F.App'x 779, 780 (10th Cir. 2003) (inmate's claim that commissary charged outrageous prices failed to state a constitutional claim); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."); *LaPlante v. Lovelace*, 2013 WL 5572908 at *11 (W.D. Mich. Oct. 9, 2013) ("Federal courts consistently have held that prisoners have no right to purchase products at regular retail prices.").

filing a replevin action under Missouri law). As such, plaintiff cannot make a constitutional claim for loss of property in this Court.

For the reasons stated above, the Court concludes that plaintiff's complaint is frivolous and/or fails to state a claim upon which relief may be granted. It would be futile to permit plaintiff the opportunity to file an amended complaint because there is no indication that his claims arise from conduct that invades a federally protected right. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $4.40 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or for legal frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th  day of March, 2024.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

8